FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2018 JUN 20  PM 4: 05

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

Case No.

ADVANCED PAIN MANAGEMENT & SPINE SPECIALISTS,

    Petitioner,

2:18-mc-8-FtM-99CM

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**PETITIONER, ADVANCED PAIN MANAGEMENT & SPINE SPECIALISTS',
PETITION TO SET ASIDE CIVIL INVESTIGATIVE DEMAND 2018-25
AND INCORPORATED MEMORANDUM OF LAW**

Petitioner, Advanced Pain Management & Spine Specialists ("**Advanced Pain**"), through undersigned counsel and pursuant to 31 U.S.C § 3733(j)(2), hereby files its Petition to Set Aside Civil Investigative Demand 2018-25 ("**CID 2018-25**")[1] and incorporated Memorandum of Law.

### I.    INTRODUCTION

Advanced Pain is a pain management practice located in Southwest Florida, organized under the laws of the State of Florida on January 4, 2001, that diagnoses and treats people who have acute and chronic pain. Park Center for Procedures, LLC (hereinafter, "**Park Center**") is a limited liability company organized under the laws of the State of Florida on December 10, 2003. Park Center is a Medicare-certified ambulatory surgical center ("**ASC**") that was formed and is operated in compliance with the ASC safe harbor, 42 C.F.R. § 1001.952(r). Park Center is

---

[1] Due to the confidential nature of this document, it is not attached as an exhibit, however Petitioners are happy to provide the document to the Court for *in camera* review.

1

dedicated to providing its patients with state-of-the-art pain relief and offers Advanced Pain patients the opportunity to receive technical medical procedures on an out-patient basis. Anesthesia Partners of Southwest Florida, LLC (hereinafter, "**Anesthesia Partners**") is a limited liability company organized under the laws of the State of Florida on June 2, 2014. The company hires and credentials Certified Registered Nurse Anesthetists (hereinafter, "**CRNAs**") to administer anesthesia to patients during out-patient procedures conducted at Park Center.[2]

The government initiated an investigation of the Petitioner and its related entities approximately three (3) years ago in 2015. 2:17-cv-00272-JES, *Doc. #1, pg. 3, para. 9*. Since that time, the Petitioner and its related entities have been the recipients of the following government inquiries: three (3) Department of Defense – Office of Inspector General ("**DOD-OIG**") subpoenas; three (3) Health and Human Services – Office of Inspector General ("**HHS-OIG**") subpoenas[3]; three (3) Civil Investigative Demands ("**CIDs**") for documents; one (1) CID for the deposition of Dr. Jonathan Daitch; one (1) CID for the deposition of Dr. Michael Frey; one (1) CID for the deposition of Dr. Daitches' wife, Barbara Daitch, and; one (1) CID for the deposition of legal compliance counsel David Vaughn. On June 11, 2018, undersigned received a letter from the government stating that it wishes to interview current employees. In addition, at least one patient, an elderly patient in her eighties, called the practice on June 19, 2018, to state that she was nervous because investigators came to her house to ask questions about Petitioner.

To date, the Petitioner and its related entities have produced over 74,000 pages of documents. The physicians have made themselves available to the government, legal compliance

---

[2] Advanced Pain, APSWFL, and Park Center are sometimes collectively referred to herein as the "the Petitioner and its related entities"

[3] The HHS-OIG subpoenas expanded the scope of the DOD subpoenas to all federal healthcare payors.

2

counsel has made himself readily available to the government, and the Petitioner has complied with all government requests. CID 2018-25 now requests, among other documents, 193 additional patient medical records. This number of documents to beproduced is exorbitant. This request is overly broad and unduly burdensome, whereby Petition is being asked to expend significant time and incur significant costs to produce thousands of additional records to the government. Whereas undersigned counsel appreciates the government's right to investigate whether the Petitioner and its related entities submitted or caused the submission of false claims to federal health care programs, in violation of 42 U.S.C. § 1320c-5(a)(1), this three (3) year investigation, and the continuous issuance of CIDs/subpoenas as investigative tools, has become unduly disruptive and a serious hindrance to the normal operations of Petitioner.

## II. BACKGROUND

Pursuant to 31 U.S.C § 3733(j)(2), Petitioner hereby moves to set aside CID 2018-25 as overly broad, unduly burdensome, and harassing. A timeline of the investigation and government requests reveals the extraordinary amount of information that the Petitioner and its related entities have already provided to the government:

- The government initiated its investigation in 2015. *Doc. #1, pg. 3, para. 9.*
- The DOD-OIG served a subpoena on Advanced Pain on May 18, 2016.
- The DOD-OIG served a subpoena on Park Center on May 18, 2016.
- The DOD-OIG served a subpoena on Anesthesia Partners on May 18, 2016.
- HHS-OIG served a subpoena on Advanced Pain on August 2, 2016.
- HHS-OIG served a subpoena on Park Center on August 2, 2016.
- HHS-OIG served a subpoena on Anesthesia Partners on August 2, 2016.
- The US Attorney's Office issued CID 2017-1 to Advanced Pain on January 10, 2017.
- The US Attorney's Office issued CID 2017-48 to Advanced Pain on November 11, 2017.
- The US Attorney's Office issued CID 2016-91 to Dr. Daitch for deposition testimony on October 25, 2016.
- The US Attorney's Office issued CID 2016- to Dr. Frey for deposition testimony.

- The US Attorney's Office issued CID 2017-19 to Barbara Daitch, Dr. Daitches' wife, for deposition testimony on May 3, 2017.
- The US Attorney's Office issued CID 2017-30 to legal compliance counsel for Advanced Pain, David Vaughn, Esq. on September 30, 2017.
- On April 6, 2018, the government requested additional patient records via letter pursuant to CID 2017-48.
- The US Attorney's Office issued CID 2018-25 to Advanced Pain on May 31, 2018.[4]

Petitioner and its related entities have spent significant time, money, and energy responding to the government's continuous inquiries, yet there does not appear to be an end in sight. In an email dated May 30, 2018, when the undersigned asked Assistant United States Attorney ("AUSA") Kylen Cohen when a Complaint would be filed, AUSA Cohen responded that, "No decisions have been made at this investigatory stage as to what the United States will do.[5]" *See Exhibit A*. Soon thereafter, the undersigned accepted service of CID 2018-25, the subject of the instant motion. It is apparent from the issuance of another CID, that the government is embarking on a fishing expedition, resulting in the continued harassment of Petitioner. If the government does not have sufficient facts to file a Complaint after a three (3) year investigation, over 74,000 pages of production and three depositions perhaps that is because the evidence is not sufficient to support its allegations.[6] Meanwhile, Petitioner is forced to spend additional money and time to

---

[4] The US Attorney's Office issued CID 2018-247 in an unrelated matter to Advanced Pain on June 6, 2018. In addition, Advanced Pain has been the recipient of a number of Medicare audits, resulting in the production of significant documentation to CMS. The latest Medicare audit was an unannounced, on-site audit occurring on June 14, 2018.

[5] The email also stated "the new requests are on different topics," however, for the UDT line of inquiry, the government requested *all documents* relating to UDT testing and confirmations in CID 2017-1.

[6] It is important to note that Dr. Michael Frey, a former partner of Advanced Pain, entered a guilty plea pursuant to a criminal plea agreement with the US Attorney's Office on June 4, 2018, for violations of the federal Anti-kickback Statute, specifically kickbacks for back braces and compounding medications. There is absolutely no evidence that Dr. Daitch was aware of any of these kickbacks. Dr. Frey utilized personal bank accounts, none of the kickback ever entered a corporate bank account, and Advanced Pain never billed for any products or services related to the kickbacks. Dr. Frey also, individually, entered into a civil settlement with the government. Neither Dr. Daitch nor Advanced Pain were ever charged with any crimes and neither entered into a settlement agreement with the government, however they were both named in the Department of Justice Press Release dated June 4, 2018, causing damage to Dr. Daitches' reputation and business. *See Exhibit B*. Not only has Dr. Daitch had to handle the negative repercussions to his practice

4

respond to these investigative inquiries, upsetting business operations and creating undue stress upon staff members. Moreover, although the government can continue to seek information at the expense of Petitioner, during this one-sided phase of the three (3) year investigation, Petitioner has assumed all costs of document production without the benefit of reciprocal discovery. Petitioner has been waiting for the Government to file a complaint so that the parties can be on an even playing field when it comes to discovery, but the Government has not filed a complaint and continues to issue CIDs that are creating undue harm to Petitioners' business. There must be a limit to this government intervention and overreach.

### III. ARGUMENT

**A. Standard**

31 U.S.C § 3733 is the federal statute relating to issuance and enforcement of civil investigative demands. The statute provides for a mechanism for a person who has been served with a civil investigative demand to seek protection from the court by requesting that the civil investigative demand be set aside or modified. 31 U.S.C § 3733(j)(2) states:

> **(2) Petition to modify or set aside demand.--(A)** Any person who has received a civil investigative demand issued under subsection (a) may file, in the district court of the United States for the judicial district within which such person resides, is found, or transacts business, and serve upon the false claims law investigator identified in such demand a petition for an order of the court to modify or set aside such demand. In the case of a petition addressed to an express demand for any product of discovery, a petition to modify or set aside such demand may be brought only in the district court of the United States for the judicial district in which the proceeding in which such discovery was obtained is or was last pending. Any petition under this subparagraph must be filed--
> (i) within 20 days after the date of service of the civil investigative demand, or at any time before the return date specified in the demand, whichever date is earlier, or

---

caused by his former partner's actions, but he is forced to continue to fight a three (3) year investigation by the government that has not amounted to any viable charges.

>   **(ii)** within such longer period as may be prescribed in writing by any false claims law investigator identified in the demand.
>
>   **(B)** The petition shall specify each ground upon which the petitioner relies in seeking relief under subparagraph (A), and may be based upon any failure of the demand to comply with the provisions of this section or upon any constitutional or other legal right or privilege of such person. During the pendency of the petition in the court, the court may stay, as it deems proper, the running of the time allowed for compliance with the demand, in whole or in part, except that the person filing the petition shall comply with any portions of the demand not sought to be modified or set aside.

Pursuant to 31 U.S.C § 3733(j)(2), Petitioner, moves to set aside CID 2018-25 as overly broad, unduly burdensome, harassing, and duplicative. *See Peters v. United States*, 853 F.2d 692, 699 (9th Cir. 1988) ("An administrative subpoena thus may not be so broad so as to be in the nature of a 'fishing expedition.'"). Courts have defined "unduly burdensome" as a demand that "threatens to unduly disrupt or seriously hinder normal operations of a business." *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986).

As described in Section II supra, CID 2018-25 is just the latest attempt by the government to identify some new theory in its long-running case against Petitioner and its related entities. CID 2018-25, and the cumulative effect of the previous information requests identified in Section II, are unduly disruptive and a serious hindrance to the normal operations of Petitioner. Petitioner's employees have spent countless hours compiling the voluminous requests. The extra work and the constant stress of additional requests and government allegations places an undue burden upon current employees, and an undue financial burden upon Petitioner. Further, the government's investigation has had a significant negative impact on employee morale that is affecting the day-to-day operations of Petitioner and is a hindrance to providing continued quality medical care to its patients. Finally, the government is now interviewing patients and creating an unwarranted fear in the patient that negatively impacts Petitioner's business operations.

Moreover, CID 2018-25 is overly broad and unduly burdensome. CID 2018-25 requires, among other documents, 193 additional patient medical records. This amount of information is exorbitant, would cost Petitioner significant time and money, and would further impede Petitioner's business activities.

Petitioner concedes that there is not a great deal of caselaw regarding setting aside a CID pursuant to government overreach. The government's use of the CID as an affirmative investigative tool remains relatively unchallenged and, as such, there continues to be a rise in the number of civil settlements and the amount of money recovered. In a press release dated December 31, 2017, the Department of Justice announced that it "obtained more than $3.7 billion in settlements and judgments from civil cases involving fraud and false claims against the government in the fiscal year ending Sept. 30, 2017." *See Exhibit C.* These statistics are a testament to the Government's aggressive utilization of the CID.

Petitioner and its related entities have cooperated with the government's three (3) year investigation, have spent significant time and money, and have provided substantial amounts of documents, as well as testimonial evidence. Quite frankly, it is more cost effective for a medical practice to make the business decision to settle with the government, pursuant to a settlement agreement that does not admit liability, then to undergo years of government inquiries, costly document productions, and harassment. The continuous inquiries interrupt business operations, frighten employees, and take the Practice's attention away from what is important – patient care. Because the US Attorney's Office issues the CID with no interaction from the Court, there are no checks and balances in place to stop government overreach and abuse.

## IV. CONCLUSION

The government has had more than ample opportunity to gather any and all information that it deems necessary to complete its investigation. CID 2018-25 is overbroad, unduly burdensome and harassing. We respectfully request that CID 2018-25 be set aside.

**FISHER BROYLES LLP**

*Attorneys for Respondent, Advanced Pain Management and Spine Specialists*
2390 Tamiami Trail North, Suite 100
Naples, FL 34103
Telephone: (202) 570-0248
Facsimile: (239) 236-1260

By: */s/ Brian E. Dickerson*
**BRIAN E. DICKERSON**
Fla. Bar No. 106615
*brian.dickerson@fisherbroyles.com*

By: */s/ Nicole Hughes Waid*
**NICOLE HUGHES WAID**
Fla. Bar No. 121720
*nicole.waid@fisherbroyles.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on this 20th day of June, 2018 on **Maria Chapa, Esq.**, United States Attorney and **Kyle S. Cohen, Esq.**, Assistant United States Attorney, 2110 First Street, Suite 3-137, Fort Myers, Florida 33901.

By: */s/ Nicole Hughes Waid*
Nicole Hughes Waid, Esq.