**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**ADVANCED PAIN MANAGEMENT
AND SPINE SPECIALISTS,**

        **Petitioner,**

    **v.**                       **Case No. 2:18-mc-8-FtM-99CM**

**UNITED STATES OF AMERICA**

        **Respondent.**

_____/

**UNITED STATES OF AMERICA'S MOTION TO DISMISS ADVANCED
PAIN MANAGEMENT & SPINE SPECIALISTS' PETITION TO
<u>SET ASIDE CIVIL INVESTIGATIVE DEMAND 2018-025</u>**

Advanced Pain Management & Spine Specialists of Cape Coral and Fort Myers' ("Advanced Pain") Petition represents a transparent attempt by the company to disrupt and delay a False Claims Act ("FCA") investigation that has already resulted in the recovery of $3 million and three criminal convictions, including the conviction of one of the two principal owners of Advanced Pain. Advanced Pain's Petition is littered with its counsel's conclusory--and often wrong--statements regarding the United States' investigation, devoid of any legal authority supporting its arguments, and neglects to include the very requests about which it complains. Nevertheless, Advanced Pain seeks to have this Court blindly issue a blanket order setting aside an entire Civil Investigative Demand ("CID") that it has never seen based on nothing more than Advanced Pain's unsupported assertions of burden. This attempt should be denied and the Petition dismissed.

There are a number of reasons why Advanced Pain's Petition should be rejected. First of all, Advanced Pain failed to comply with the Federal and Local Rules requiring it to

confer over its specific objections to each of the discovery requests included in the CID prior

to filing the Petition.  This failure is exacerbated by the fact that Advanced Pain's Petition

itself does not even attempt to specify which requests it believes would be unduly

burdensome for it to comply with.[1]  In addition, the Petition should be denied because

Advanced Pain's own conclusory statements about burden are, as a matter of law,

insufficient to establish that compliance with the CID will be unduly burdensome.  Finally,

Advanced Pain's claim of harassment is baseless.

For all of these reasons, further discussed below, Advanced Pain's Petition should be

dismissed and the Court should require Advanced Pain's compliance with the terms of the

CID.

### STANDARD OF REVIEW

"The FCA ... is the government's primary litigative tool for combatting fraud against

the federal government."  United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 745 (9th

Cir. 1993); see also McNutt ex rel. U.S. v. Haleyville Med. Supplies, Inc., 423 F.3d 1256,

1259 (11th Cir. 2005) ("The False Claims Act is the primary law on which the federal

government relies to recover losses caused by fraud.").  "Whenever the Attorney General,

or a designee . . .  has reason to believe that any person may be in possession, custody, or

control of any documentary material or information relevant to a false claims law

investigation, the Attorney General, or a designee, may, before commencing a civil

proceeding . . . issue in writing and cause to be served upon such person, a civil investigative

---

[1]  Contrary to the assertion in Advanced Pain's Petition, the CID itself and the requests made therein are not confidential.  See Petition at n.1.  Advanced Pain could have included the specific requests that it claimed to be burdensome in its Petition but chose not to do so in this public filing.

demand requiring such person to ... produce such documentary material for inspection and copying."  31 U.S.C. § 3733 (a)(1)(A) ("CID statute").

CIDs are enforced as administrative subpoenas.  See United States v. Markwood, 48 F.3d 969, 975-76 (6th Cir. 1995) (finding FCA CIDs are administrative subpoenas); United States v. Witmer, 835 F. Supp. 208, 212 (M.D. Pa. 1993) (treating FCA CID as an administrative subpoena); In re Civil Investigative Demand 5-439, No. 5:16-mc-3, 2016 WL 4275853, *3 (W.D. Va. Aug. 12, 2016) ("A CID is an administrative subpoena."). Although 31 U.S.C. § 3733(j)(2) provides that any person receiving a CID may file a petition in federal district court seeking an order to modify or set aside the CID, the scope of judicial review of an administrative subpoena such as a CID is "quite narrow."  See United States v. Golden Valley Elec. Ass'n, 689 F.3d 1108, 1113 (9th Cir. 2012) (citations omitted).

Accordingly, courts reviewing administrative subpoenas such as CIDs are limited to inquiring "(1) whether the administrative investigation is within the agency's authority, (2) whether the agency's demand is too indefinite, and (3) whether the information sought is reasonably relevant."  E.E.O.C. v. Tire Kingdom, Inc., 80 F.3d 449, 450 (11th Cir. 1996); see also In re Civil Investigative Demand 5-439, 2016 WL 4275853 at *3.  In addition, a court may quash a subpoena if "the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome."  United States v. ASG Sols. Corp., No. 17CV1224 L (BGS), 2018 WL 1418023, at *4 (S.D. Cal. Mar. 22, 2018). Importantly, the Court does not have jurisdiction under the CID statute to address the merits of the Government's civil investigation or any potential defenses to any subsequent FCA action against Petitioner.  See Lasr Clinics of Henderson, LLC v. United States

Department of Justice, 2:17-cv-02118-MMD-GWF, 2017 WL 4707449, n. 4 (D. Nev. Oct. 19, 2017).

## ARGUMENT

In this case, Advanced Pain does not challenge the authority of the United States Attorney's Office to conduct an FCA investigation or that the procedural requirements for the CID were not met. Advanced Pain also does not make the argument that the material sought is not relevant or material to the investigation. Nor could it because "as long as the materials requested '[t]ouch a matter under investigation,' an administrative subpoena will survive a challenge that the material is not relevant. In re Civil Investigative Demand 5-439, 2016 WL 4275853, *7 (quoting Sandsend Fin. Consultants Ltd. v. Fed. Home Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989); see also EEOC v. Fed. Express Corp., 558 F.3d 842, 854 (9th Cir.2009) (stating that the relevancy requirement "is not especially constraining"). Rather, the focus of Advanced Pain's entire argument is that compliance with the CID would be unduly burdensome on the company. For the reasons discussed below, the Petition should be denied.

## I. The Petition Should Be Dismissed Due To Its Failure to Comply With The Federal And Local Rules.

Advanced Pain's Petition should be rejected out of hand due to its failure to comply with the Federal and Local Rules. The Federal Rules require that the party moving for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other parties in an effort to resolve the dispute without court action." Fed.R.Civ.P.26(c)(1). Similarly, Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a

4

statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. "The purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, 944 F. Supp. 876, 878 (M.D. Fla. 1996).

Advanced Pain's Petition did not contain the required 3.01(g) certificate because there was no attempt whatsoever to confer with the United States regarding the scope of the requests prior to its filing. Courts in this district have not hesitated to deny the relief sought by a party that has failed to comply with Local Rule 3.01(g). See C.P. v. Collier Cnty., No: 2:15-cv-238-FtM-29CM, 2016 WL 2898324, at *2 (M.D. Fla. May 18, 2016); Esrick v. Mitchell, No. 5:08-cv-50-Oc-10GRJ, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008) ("Failure to comply with the good faith certification requirement of Rule 37(a)(1) and Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant party.").

Advanced Pain's failure to confer prior to filing this Petition is not a mere technical defect. Instead, it is endemic of the larger problem with the Petition's blanket assertion that compliance with the entire CID is unduly burdensome. Advanced Pain has not identified a single request contained in the CID or explained how that particular request would somehow be burdensome on the company. This is because each request included in the CID was specific and targeted to obtain specific documents that may be important to issues currently under investigation. Accordingly, Advanced Pain's failure to follow the Federal and Local Rules should be fatal to this Court's consideration of Advanced Pain's Petition.

## II.     Advanced Pain Has Not Met Its Burden To Show That Compliance With Any Particular Request Would Constitute An Undue Burden.

The Petition makes a blanket assertion that compliance with the CID would constitute an undue burden on Advanced Pain.  However, Advanced Pain does not state what specific requests included in the CID are unduly burdensome, let alone the extent of any such burden on the company.  Instead, the Petition offers little more than counsel's own conclusory assertions in support of its blanket request.  The law requires more.

The fact that the recipient of a subpoena may face "[s]ome burden" in complying with a subpoena is not enough to justify a motion to quash because courts recognized that "[s]ome burden on subpoenaed parties is to be expected and is necessary in furtherance of [an] agency's legitimate inquiry and the public interest."  In re Civil Investigative Demand 15-439, 2016 WL 4275853, at *7; N.L.R.B. v. G.H.R. Energy Corp., 707 F.2d 110, 114 (5th Cir. 1982) ("The mere fact that compliance with the subpoenas may require the production of thousands of documents is also insufficient to establish burdensomeness.").

The burden of establishing that compliance with a subpoena will be unduly burdensome rests on the party objecting to the subpoena.  Tropical Marketing & Consulting, LLC. v. Glock, Inc., No. 6:12-cv-1388-Orl-36TBS, 2012 WL 5431002, at *3 (M.D. Fla. Nov. 7, 2012); E.E.O.C. v. United Air Lines, Inc., 287 F.3d 643, 653 (7th Cir. 2002) ("The presumption is that compliance should be enforced to further the agency's legitimate inquiry into matters of public interest.  Consequently, a court may modify or exclude portions of a subpoena only if the [movant] carries the difficult burden of showing that the demands are unduly burdensome or unreasonably broad.").  In fact, the very case cited by Advanced Pain for the definition of "unduly burdensome" notes that "[t]he burden of proving that an administrative subpoena is unduly burdensome is not easily met."  E.E.O.C. v. Maryland

6

Cup Corp., 785 F.2d 471, 477 (4th Cir. 1986) (finding that a subpoena was not unduly

burdensome even though the moving party estimated that compliance would cost $75,000).

Generally, the manner in which the moving party goes about establishing that compliance

with the subpoena would be unduly burdensome is through submission of "affidavits or

other proof to support this assertion."  Tropical Marketing & Consulting, LLC., 2012 WL

5431002, *3; see also Breland v. Levada EF Five, LLC., No. CA 14-0158-GC-C, 2015 WL

12995098, at * 5 (S.D. Ala. April 30, 2015) ("[Movant] has not submitted any affidavits and,

as a consequence, this Court has no basis to find that producing the documents requested . .

. will be particularly time consuming or costly . . . .").

Importantly, it is well established in this circuit and beyond that "conclusory

statements" that compliance with a subpoena will result in undue burden are insufficient to

meet the burden placed on the objecting party.  Int'l Assoc. of Machinists and Aerospace

Workers v. P&B Transp., No. 3:05-cv-1083-J-32MCR, 2007 WL 4145974 at *2 (M.D. Fla.

Nov. 19, 2007) (denying motion to quash where party offered nothing more than conclusory

statements that a subpoena was "an annoyance and . . . overburdening"); see also Fadalla v.

Life Auto. Prods., 258 F.R.D. 501, 513 (M.D. Fla. 2007) (denying a motion to quash a

subpoena where a party offered conclusory statements that compliance would cause undue

burden); Sherwood v. Michelin North Am., Inc., No. 7:06-CV-93 (HL), 2007 WL 431090,

*2 (M.D. Ga. Feb. 2, 2007) (holding that a party failed to meet its burden on a motion to

quash where that party offered "nothing more than vague averments" in support of its

motion); British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A., 200 F.R.D. 586, 590

(W.D. Tex. 2000) (a person seeking to quash or modify a subpoena must meet a "heavy

burden of establishing that compliance with the subpoena would be unreasonable and oppressive").

Here, Advanced Pain's Petition is supported by nothing other than counsel's own conclusory statements that compliance with the CID will be unduly burdensome.  There are no affidavits and no discussion as to how compliance with any particular request is overbroad or would constitute an undue burden on the company.  Other than noting that the request seeks "among other documents, 193 additional patient medical records", the Petition does not even identify any other particular request that it believes is overly burdensome.  Petition at 7.  Indeed, the fact that a medical practice is complaining that producing medical records constitutes a burden is particularly illuminating because patient medical files are exactly the type of files that are kept within the normal operation of a medical practice and should be easily accessible.  Advanced Pain simply has provided no basis in law or fact to meet its burden to prove that compliance with the CID constitutes an undue burden and, therefore, the Petition should be denied.

### III.   **Advanced Pain's Accusations Of Harassment Are Meritless.**

Advanced Pain's claims that the CID's purpose was to harass Advanced Pain are baseless.  Indeed, Advanced Pain's accusation that the United States is embarking on a "fishing expedition" designed to harass the company is especially ludicrous given that the investigation has already resulted in the recovery of $3 million and three separate criminal convictions, including the recent conviction of one of the two principal owners of Advanced Pain.  See Petition at Doc. 1-2.

In addition, the Petition greatly overstates the burden that has already been placed on the company as a result of this investigation.  For example, Advanced Pain complains

that it has already produced "over 74,000 pages of documents." However, well over 60,000 of those pages are simply pages from patient medical records. As previously stated, it should not be burdensome to ask a medical practice to produce its patients' medical records. In addition, Advanced Pain grumbles about the sheer number of the requests without letting the Court know that the six subpoenas from HHS-OIG and DOD-OIG were in reality the same requests from two different agencies for the same documents from all three Advanced Pain entities. See Petition at n.2 ("Advanced Pain, APSWFL, and Park Center are sometimes collectively referred to herein as the "the Petitioner and its related entities").[2] Therefore, it should not have presented any additional burden to comply.

Advanced Pain's Petition also seemingly attempts to blame the United States for occurrences that are not part of the investigation such as Medicare audits and patient interviews. See Petition at p. 2, n.4. However, those actions were not directed by anyone associated with this investigation. See Exhibit 1, July 26, 2018 Ltr. from Al Uy, Fraud Investigator, SafeGuard Services, LLC ("Actions taken by the Southeast Unified Program Integrity Contractor, Safeguard Services, LLC were conducted independently based on proactive data analysis identifying aberrations in data that was pulled only from the contractor and not influenced by the aforementioned U.S. Government agencies.").

Similarly, Advanced Pain's statements as to its compliance with the investigation are overblown. For example, it is the United States' position that Advanced Pain has improperly withheld documents on questionable legal grounds (see the United States' Petition to Enforce at 2:17-cv-272-FtM-29MRM; and the United States' Motion to Dismiss

---

[2] In fact, it was Advanced Pain early on in this investigation that requested separate subpoenas from HHS-OIG having taken the position that they would not produce Medicare records pursuant to a subpoena issued by DCIS.

Advanced Pain's Petition to set aside CID 2017-0030 filed contemporaneously in 2:18-mc-070-FTM -38CM) and taken a legally impermissible view of the scope of its representation. In fact, rather than comply with this CID, or even discuss ways to reduce the burden on the company, Advanced Pain chose, through this Petition, to attack the investigation itself.  As one court has noted, this type of accusatory tactic should not be encouraged:

> Recipients of administrative subpoenas often attempt to "try the prosecutor." These dilatory or obfuscatory tactics should not be condoned or encouraged by the courts.  This is especially true in the context of CIDs which were specifically intended to permit the Justice Department to carry out its pre-complaint investigatory functions in an efficient and cost-effective manner.  Countenancing these tactics would undermine the purposes of the CID scheme, embroiling the Department in large-scale litigation before it has had an opportunity to decide whether or not to actually file suit against the target of the investigation.

Witmer, 835 F. Supp. at 213.

Here, every single one of the requests included in the CID seeks information that is important to a particular issue currently under investigation.  Should the Court want to hear the basis for each of the requests *in camera* and *ex parte*, the United States would be more than happy to oblige.

To the extent that a request in the CID seeks additional documentation relating to issues for which it has previously requested documentation, such as the overutilization of urine drug testing, the requests are based on the need for additional information, which often happens during the course of an investigation.  If those specific requests are truly, as Advanced Pain describes, duplicative of what has already been produced, then there should be no additional burden on the company to indicate what specific documents it has previously produced are responsive to the request.

The majority of the requests that were part of the CID relate to new potential issues that have been discovered during the course of the investigation, such as the potential

improper billing of a procedure called a kyphoplasty.  Indeed, it is not unusual or surprising that during the course of a fraud investigation into one issue, other potential issues may be discovered in the process of reviewing documents and speaking to witnesses.  For that reason, Advanced Pain's argument that the government should already have enough information to file a false claims act complaint against it misses the point.  Whether or not the United States' investigation has uncovered enough information on some particular issues, does not mean that its investigation has concluded as to all of the issues that may result in individual or corporate liability.

Regardless, Advanced Pain's attempt to litigate the merits of any potential FCA suit as part of its Petition is pointless at this stage.  The Court does not have jurisdiction under the CID statute to address the merits of the Government's civil investigation or any potential defenses to any subsequent FCA action against Petitioner.  See Lasr Clinics of Henderson, 2017 WL 4707449, n. 4.

## CONCLUSION

For all of these reasons, Advanced Pain's Petition should be dismissed.  Advanced Pain failed to comply with the Federal and Local Rules, failed to offer any meaningful evidence to support their assertions of over breadth or undue burden, and failed to support its meritless attack on a fraud investigation that has already yielded substantial results. Accordingly, the Petition should be dismissed and Advanced Pain required to comply with the terms of the CID as soon as practical so that the investigation can continue without further delay.

<div style="margin-left:50%">

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney


By: */s/ Kyle S. Cohen*
    KYLE SCOTT COHEN
    Assistant United States Attorney
    Florida Bar No. 0829951
    2110 First Street, Suite 3-137
    Fort Myers, Florida 33901
    Telephone: (239) 461-2200
    Facsimile: (239) 461-2219
    Email: Kyle.Cohen@usdoj.gov

</div>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 1, 2018, I caused a true and correct copy of

the foregoing to be filed with the Court using the Court's CM/ECF filing system, which will

send an electronic notice of filing to:

> Nicole Hughes Waid
> Brian E. Dickerson
> FISHER BROYLES LLP
> Attorneys for Advanced Pain
> 2390 Tamiami Trial North, Suite 100
> Naples, FL 34103
> Nicole.waid@fisherbroyles.com

> */s/ Kyle S. Cohen*
> KYLE S. COHEN
> Assistant United States Attorney